1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAMAAL MILLS,                          No.  2:23-cv-2290 DB P

12                  Plaintiff,

13        v.                                ORDER

14   JUSTICE CTR. DETENTION FAC., et al.,

15                  Defendants.

16

17        Plaintiff, a county inmate proceeding pro se, filed this civil rights action under 42 U.S.C.

18   §1983.  Before the court are plaintiff's motion to proceed in forma pauperis and plaintiff's

19   complaint for screening.  For the reasons set forth below, this court grants plaintiff's motion to

20   proceed in forma pauperis and finds plaintiff fails to state any cognizable claims for relief.

21   Plaintiff will be given an opportunity to file an amended complaint.

22                              **IN FORMA PAUPERIS**

23        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

24   Accordingly, the request to proceed in forma pauperis will be granted.

25        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

26   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

27   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

28   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## SCREENING

### I.  Legal Standards for Civil Rights Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

person 'subjects' another to the deprivation of a constitutional right, within the meaning of §

1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

an act which he is legally required to do that causes the deprivation of which complaint is made."

Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

## II.  Analysis

### A.  Allegations of the Complaint

Plaintiff is detained at the Justice Center Detention Facility in Solano County.  He

identifies as defendants the detention facility and Corrections Officers Dockery and Kamman.

Plaintiff lists three claims.

First, plaintiff states that one day his lunch had an insect in it.  He was unable to eat it and

was forced to "starve."  Second, plaintiff states that "inmates" are not permitted to take a Bible or

Quran into court.  He further complains that there "is not much of a religious prayer group" at the

facility.  Finally, plaintiff states that his arrest and the seizure of his property were unlawful

because the warrant "did not properly name the party to be arrested" and was "based on hearsay."

### B.  Does Plaintiff State Cognizable Claims?

Plaintiff fails to state any claims for relief cognizable under 42 U.S.C. § 1983.  First, to

establish a claim for the deprivation of food, a plaintiff must allege facts showing that objectively

he suffered a sufficiently serious deprivation and that subjectively each defendant had a culpable

state of mind in allowing or causing the plaintiff's deprivation to occur.  Wilson v. Seiter, 501

1   U.S. 294, 298-99 (1991).[1]  However, only a deprivation of food that is "sustained" and results in

2   "pain without any penological purpose" will amount to a constitutional violation.  Id. at 814

3   (citing Phelps v. Kapnolas, 308 F.3d 180, 187 (2nd Cir. 2002)).  The deprivation of one meal does

4   not state a claim under the Eighth or Fourteenth Amendments.

5       Second, to state a claim for the violation of his First Amendment right to practice his

6   religion, plaintiff must allege facts showing two things.  First, he must show that he has a

7   sincerely held religious belief.  Second, he must show that a prison official took actions that

8   substantially burdened the practice of this religion.  Jones v. Williams, 791 F.3d 1023, 1031 (9th

9   Cir. 2015); Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008).  Plaintiff does not explain his

10  religious beliefs and appears to seek relief on behalf of other inmates.  Plaintiff may only seek

11  relief on his own behalf.  Pro se litigants have no authority to represent anyone other than

12  themselves; therefore, they lack the representative capacity to file motions and other documents

13  on behalf of prisoners.  See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997).

14  Plaintiff also fails to explain who is responsible for the alleged violation of his First Amendment

15  rights.  Finally, plaintiff must explain how these violations have amounted to a substantial burden

16  on his right to practice his religion.

17      With respect to plaintiff's third claim regarding his arrest, it is not sufficiently specific.  To

18  support a claim for judicial deception, "a § 1983 plaintiff must show that the investigator [or

19  officer] 'made deliberately false statements or recklessly disregarded the truth in the affidavit'

20  and that the falsifications were 'material' to the finding of probable cause" to issue the warrant.

21  Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (9th Cir. 2002) (quoting Hervey v.

22  Estes, 65 F.3d 784, 790 (9th Cir. 1995)).  "'Omissions or misstatements resulting from negligence

23  or good faith mistakes will not invalidate an affidavit which on its face establishes probable

24  cause.'"  Ewing v. City of Stockton, 588 F.3d 1218, 1224 (9th Cir. 2009) (quoting United States

25

26  [1] It is not clear from the complaint whether plaintiff is a convicted prisoner or a pretrial detainee.
    Fourteenth Amendment due process standards apply to pretrial detainees while the Eighth

27  Amendment applies to prisoners.  The cases cited address Eighth Amendment claims.
    Comparable standards apply in the Fourteenth Amendment context to claims challenging the

28  conditions of confinement.  See Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

1  v. Smith, 588 F.2d 737, 740 (9th Cir. 1978)).  Plaintiff must provide further factual allegations

2  showing who was responsible for the misstatements, that they were made deliberately or

3  recklessly, and that they were material to a judge's finding of probable cause to issue the warrant.

4      Plaintiff will be given an opportunity to amend his complaint.

5      Plaintiff is advised that in addition to stating facts to support each legal claim, he must adhere

6  to the following standards for stating claims for relief under § 1983.

7      • Plaintiff must clearly identify each defendant and describe just what that defendant
8         did that violated his constitutional rights.

9      • Plaintiff must identify as a defendant only persons who personally participated in a
10        substantial way in depriving plaintiff of a federal constitutional right.  Johnson v.
11        Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the
12        deprivation of a constitutional right if he does an act, participates in another's act
13        or omits to perform an act he is legally required to do that causes the alleged
14        deprivation).  "Vague and conclusory allegations of official participation in civil
15        rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268
16        (9th Cir. 1982) (citations omitted).

17     • The following people are typically not appropriate defendants in a § 1983 action:
18        (1) supervisory personnel, see Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979)
19        (supervisors not liable for the actions of their employees under § 1983; respondeat
20        superior is not a basis for liability); and (2) persons whose only role was reviewing
21        plaintiff's administrative appeals, see George v. Smith, 507 F.3d 605, 609 (7th Cir.
22        2007) (Generally, denying a prisoner's administrative appeal does not cause or
23        contribute to the underlying violation.).

24     • Plaintiff must make a short, plain statement of the facts supporting each claim.
25        See Fed. R. Civ. P. 8(a).

26     • Plaintiff may allege multiple claims against a single defendant.  Fed. R. Civ. P.
27        18(a).  However, he may not bring a claim against one defendant in the same case
28        as an unrelated claim against another defendant.  Unrelated claims against

1    different defendants belong in different suits." <u>George v. Smith</u>, 507 F.3d 605, 607

2    (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).   Simply alleging a "conspiracy" does

3    not transform unrelated claims into related claims.

4    •  Any amended complaint must show the federal court has jurisdiction, the action is

5       brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations

6       are true.  It must contain a request for particular relief.

7    •  An amended complaint must be complete in itself without reference to any prior

8       pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the

9       original pleadings are superseded.

10   •  Plaintiff must exhaust his administrative remedies before filing suit.  42 U.S.C. §

11      1997e(a).

12       Finally, the court notes that plaintiff failed to sign the complaint.  He must sign any

13   amended complaint.  He is advised that by signing an amended complaint, he certifies he has

14   made reasonable inquiry and has evidentiary support for his allegations, and for violation of this

15   rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R.

16   Civ. P. 11.

17                                   **CONCLUSION**

18       Above, this court finds plaintiff fails to state any claims for relief under 42 U.S.C. § 1983.

19   Plaintiff will be given an opportunity to amend the complaint.

20       Accordingly, and good cause appearing, IT IS HEREBY ORDERED as follows:

21   1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 5) is granted.

22   2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is

23      assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

24      §1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to

25      the Solano County Sheriff filed concurrently herewith.

26   3.  Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

27   4.  Plaintiff is granted sixty days from the date of service of this order to file an amended

28      complaint that complies with the requirements of the Civil Rights Act, the Federal Rules

of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint;" failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated:  November 29, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/mill2290.scrn LTA

7