UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAAL MILLS, | No.  2:23-cv-2290 DB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| JUSTICE CTR. DETENTION FAC., et al., | |
| Defendants. | |

      Plaintiff, a county inmate proceeding pro se, filed this civil rights action under 42 U.S.C. §1983.  Before the court is plaintiff's first amended complaint for screening.  For the reasons set forth below, this court finds plaintiff fails to state any cognizable claims for relief.  Because this court further finds amending the complaint would be futile, it is recommended that this action be dismissed.

      Plaintiff is detained at the Justice Center Detention Facility in Solano County.  In his original complaint, plaintiff claimed he had been provided a lunch with an insect in it and was forced to go without lunch.  He also alleged violations of his First Amendment right to practice his religion and his Fourth Amendment rights.  On screening, this court found plaintiff stated no claims cognizable under section 1983.  (ECF No. 6.)

      In his amended complaint and a subsequent filing, plaintiff explains that he wishes to proceed solely on his claim regarding the insect in his lunch.  (ECF Nos. 9, 10.)  Plaintiff again

alleges that on one occasion he found an insect in his lunch.  He showed it to defendants who examined it and then returned that same lunch to plaintiff.  As a result, plaintiff was deprived of lunch.

While defendants' alleged conduct is offensive, it does not rise to the level of an Eighth or Fourteenth Amendment violation.[1]  As plaintiff was informed in the prior screening order, to establish a constitutional claim for the deprivation of food, plaintiff must allege facts showing that the deprivation of food was "sustained" and resulted in "pain without any penological purpose."  Foster v. Runnels, 554 F.3d 807, 814 (9th Cir. 2009) (citing Phelps v. Kapnolas, 308 F.3d 180, 187 (2nd Cir. 2002)).  The deprivation of one meal is not a sustained deprivation and does not state a claim under the Eighth or Fourteenth Amendments.

Plaintiff's claim regarding a tainted lunch is in all essential respects identical to the claim he raised previously.  It is, therefore, deficient for the same reasons as those articulated in the court's November 30, 2023 screening order.  Because is apparent plaintiff cannot succeed on the claim regarding his lunch, leave to amend would be futile.  This court finds dismissal of this action is appropriate for plaintiff's failure to state a claim under 28 U.S.C. § 1915A(b)(1).  See McKinney v. Baca, 250 F. App'x 781 (9th Cir. 2007) (noting that discretion to deny leave to amend is particularly broad where court has afforded plaintiff one or more opportunities to amend his complaint); see also Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991) (A district court can deny leave "where the amendment would be futile ... or where the amended complaint would be subject to dismissal.").

Accordingly, the Clerk of the Court IS HEREBY ORDERED to randomly assign a district judge to this case.

Further, IT IS RECOMMENDED that this case be dismissed with prejudice for failure to state a claim.

---

[1] It is not clear whether plaintiff is a convicted prisoner or a pretrial detainee.  Fourteenth Amendment due process standards apply to pretrial detainees while the Eighth Amendment applies to prisoners.  The cases cited address Eighth Amendment claims.  Comparable standards apply in the Fourteenth Amendment context to claims challenging the conditions of confinement.  See Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 20, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/mill2290.FAC scrn f&r

3